**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT LAUDERDALE DIVISION**

Civil Action Number:

ALEXANDER JOHNSON,

Plaintiff,

vs.

AMU CORPORATION
d/b/a Budget Inn North,

Defendant.

---

**COMPLAINT**

---

Plaintiff Alexander Johnson, by and through his undersigned counsel, hereby files this Complaint and sues AMU Corporation for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12181-12189 ("ADA") and compensatory and punitive damages pursuant to the Florida Civil Rights Act as codified in Florida Statutes Chapter §760, specifically, F.S. §§760.08, 413.08 and 509.092 and alleges:

**<u>JURISDICTION AND PARTIES</u>**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA") and 28 C.F.R. §§36.302 and supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. §1367.

2. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

3. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in the Southern District of Florida.

4. The remedies provided by Florida Statute §760 are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

5. Alexander Johnson (hereinafter referred to as "Plaintiff") was (and is currently) a resident of the State of Florida who suffers from what constitutes a "qualified disability" under the ADA. The Plaintiff is (and has been) hearing impaired and suffers from severe bilateral sensorineural hearing loss. The Plaintiff's disability is defined in 28 C.F.R. §36.104(1)(iii); Plaintiff's hearing impairment is listed among the physical impairments that substantially limits one or more major life activities; therefore the Plaintiff suffers from a disability covered by the protected class of disabled persons under the ADA and by Florida Statues §§s 760.02(6), 413.08, and 509.092.

6. Defendant AMU Corporation is a Florida for-profit corporation is doing business as a motel known as Budget Inn North and is authorized to conduct, and is conducting, business within the State of Florida and is doing business within the jurisdiction of this court.

## FACTS

7. Defendant AMU Corporation is doing business as a Budget Inn franchisee operator, and is hereinafter referenced as "Defendant." Defendant is operating a motel under the Budget Inn franchise (and brand) which is open to the general public as a public lodging facility. Defendant's Budget Inn North motel is a "place of Public Accommodation" within the meaning of Title III because it is "an inn, hotel, motel, or

other place of lodging"; 42 U.S.C. §12182, §12181(7)(A); 28 C.F.R. §36.104 and the Florida Civil Rights Act, codified as Title XLIV.

8. As an operator and manager of a motel, the Defendant is subjected to Chapter 760, specifically, Florida Statutes §760.01(2) (regarding discrimination) and §760.02(11)(a) (as "any inn, hotel, motel or other establishment which provides lodging to transient guests") and §509.092 (as private enterprises, private lodging establishments have the right to refuse service however they cannot refuse serve based upon an individual's disability).

9. Defendant's Budget Inn North motel which the Plaintiff visited is the subject of this instant action and is referred throughout as "Budget Inn motel," "motel," "Public Lodging Establishment," or "place of public accommodation."

10. The Defendant's motel has forty-eight rooms which accommodate transient guests (which are the general public) on a year-round basis.

11. On November 9, 2016, Plaintiff had some issues at his home so decided to check into a local motel room. The Plaintiff entered the Defendant's Budget Inn North motel, a public lodging establishment located at 2731 North Federal Highway, Fort Lauderdale, Florida 33306 and attempted to patronize the motel by checking into a room therein. The Plaintiff's visit was prior to instituting the instant action.

12. While proceeding through the check-in process to obtain a motel room, the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities offered therein on the basis that he was accompanied by his service animal.

13. The Plaintiff has required the use and accompaniment of a service animal as defined by 28 C.F.R. §36.104 and Florida Statue §413.08(1)(d).

14. Plaintiff's service animal is trained to perform tasks for the Plaintiff by assisting Plaintiff in aspects of his hearing disability. Such tasks include, but are not limited to, alerting Plaintiff to the presence of other people and emergency sounds, retrieving items the Plaintiff has dropped that Plaintiff did not hear falling (ie: keys, wallet), and providing evasive protection from physical threats that Plaintiff would not otherwise detect.

15. Plaintiff has been accompanied by a service animal for many years. Plaintiff's service animal assists him in public environments (including travel and places of public accommodations); his service animal stays by his side to alert, assist, and protect him from harm. Plaintiff's service animal is a dog named "Snoopy," and is also referenced throughout as "service animal," or as "Snoopy."

16. At the time Plaintiff visited Defendant's motel, Defendant's representative at the check-in counter demanded to see identification for Plaintiff's service animal.

17. The Plaintiff informed Defendant's representative that he was disabled and had a hearing disability and that Snoopy was his service animal and further that it was against the law to ask for identification of a service animal. As such, his service animal is permitted to accompany the plaintiff in public establishments such as the motel.

18. Defendant's representative was not persuaded and continued to argue.

19. The Plaintiff left the Defendant's motel embarrassed and humiliated and located another motel in the area for his stay at significantly higher cost than had Plaintiff been permitted to rent a room at Defendant's motel.

20. The conduct of Defendant's representative was unreasonable and discriminatory, and as a result thereto, the Plaintiff was discriminated against and effectively denied entry/accommodation to the Public Lodging Establishment.

21. The Defendant is a franchise operator under the Budget Inn brand which is a nationwide chain of motels. On information and belief, the Defendant has received from the franchise division of Budget Inn information as to the necessity of compliance with the requirements for the need to provide equal access to individuals with disabilities and their service animals. The Defendant has failed and refused to follow the guidelines and requirements for the provision of equal access to individuals with disabilities and their service animals.

22. Therefore, failure of the Defendant's motel to reasonably accommodate individuals with disabilities and their service animals is willful, malicious, and oppressive and in compete disregard for the rights of the Plaintiff and in violation of 28 C.F.R. §36.302(c).

23. This discrimination resulted in the fact that the Plaintiff was denied full and equal access to, and full and equal enjoyment of the Defendant's motel, a Public Lodging Establishment which is the subject of this lawsuit. See, Exhibit "A" for verification of Plaintiff's visit.

24. As a result of the Defendant's discrimination, the Plaintiff suffered loss of dignity, mental anguish and other tangible injuries.

25. Plaintiff has occasional needs to stay in local hotels and motels and has long been a customer of public lodging establishments, such as Defendant's motel. As Plaintiff is a homeowner and sometimes has need to vacate his home due to home issues such as renovations, pest control, or when electricity goes down due to severe weather, Plaintiff continues to desire to return to rent a room at the Defendant's Budget Inn motel, but Plaintiff continues to be injured in that he is concerned that he will again be

discriminated against by the failure of the Defendant to rent a room to Plaintiff (due to his being accompanied by his service animal), thus denying Plaintiff access to its public lodging establishment, in violation of the ADA and state statutes.

26. Plaintiff has retained the civil rights law firm of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## COUNT I – SERVICE ANIMAL ACCESS - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

27. Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1 – 26 herein above.

28. The Fifth Circuit has identified the following guidelines in the ADA's legislative history:

> A public accommodation which does not allow dogs must modify that rule for a blind person with a seeing-eye dog, a deaf person with a hearing-ear dog, or a person with some other disability who uses a service dog. Refusal to admit a dog in these circumstances is tantamount to refusing to admit the person who is in need of the dog. Moreover, a public accommodation may not require the person with a disability to be separated from the service, guide, or seeing-eye dog once inside the facility, *Johnson v. Gambrinus Company/Spoetzl Brewery*, 116 F.3d 1052, 1061n.6 (5th Cir. 1997) (quoting H.R. Rep. No. 485(II) (1990) reprinted in 1990 U.S.C.A.N. 303, 309).

29. Refusal of the Defendant to provide entry to the Plaintiff when he was accompanied by his service animal into its Public Lodging Establishment as defined by §12181(7)(A) is tantamount to refusing to admit the hearing-impaired Plaintiff.

30. Plaintiff's hearing impairment limits major life activities including his ability to hear. Therefore, Plaintiff is an individual with a disability under Title III of the "ADA", §§12181-12189. Thus, Plaintiff is a qualified individual with a disability and is entitled to the protections of the ADA under 42 U.S.C. §12181, et. seq.

31. Public Accommodations such as Defendant AMU Corporation are required to provide full and equal enjoyment of their services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to people with disabilities at their places of public accommodation; 42 U.S.C.§12181(7)(A), §12182(a); 28 C.F.R. §36.203(a). Specifically, the Public Accommodation must:

a) Ensure that no individual is discriminated against on the basis of disability in the full and equal enjoyment of their goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any private entity that owns, leases, or operates a place of public accommodation. 42 U.S.C. §12182(a); 28 C.F.R. §36.201(a),

b) Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the Public Accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense. 42 U.S.C. §12181(9), §§12182(b)(2)(A)(ii), (iii); §36.302(c)(1) and (2).

32. By the Defendant's blatant discrimination, by its completely unreasonable failure and refusal to allow Plaintiff and his service animal into its place of Public accommodation, the Defendant has violated Title III of the ADA in numerous ways, including discriminatory action which occurred when the Defendant:

a) Failed to maintain policies and procedures to ensure compliance with Title III of the ADA and 28 C.F.R. §36.302(c); specifically policies that provide equal access to individuals with disabilities including their service animals,

b) Excluded the Plaintiff from renting a room at its motel due to the fact that he was accompanied by his service animal which was assisting him with his disability, in violation of 28 C.F.R. §§36.301, 36.302(c),

c) Harassed and argued with the Plaintiff regarding a non-existent requirement that Plaintiff provide identification for his service animal, in violation of 28 C.F.R. §36.302(c), and

d) Denied full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, and other advantages of the public accommodation in violation of 42 U.S.C. §12181(2), §12181(7)(A), §12182(a); 42 U.S.C. §§12182(b)(2)(A)(ii), (iii); 28 C.F.R. §36.302(c).

33. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to require the Defendant to assure that its motel, which is a place of public accommodation (public lodging establishment) is accessible to, and useable by, individuals with disabilities including their service animals.

34. The Court is vested with the authority to require the Defendant to assure that its Public Lodging Establishment (a place of public accommodation) allows service animals to accompany people with disability(ies) in all areas of the motel wherein the public is normally allowed to go.

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against Defendant AMU Corporation, including entering a declaratory judgment,

pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title III of the ADA, and permanently enjoin the Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from the Defendant's services. This includes entry of a permanent injunction ordering the Defendant AMU Corporation;

a) To cease discrimination against the Plaintiff and other disabled persons who use service animals;

b) To promulgate and comply with policies and procedures to ensure that the Defendant and its staff and representatives do not discriminate against individuals who are disabled and use service animals;

c) To provide signage at the front door of the Public Lodging Establishment and inside the Public Lodging Establishment stating that "SERVICE ANIMALS ARE WELCOME," in order to ensure compliance by the Defendant's representatives and to ensure that individuals who are disabled and who use service animals are well informed of the Public Lodging Establishment's compliance with federal laws;

d) Award reasonable costs and attorneys fees; and

e) Award any and all other relief that may be necessary and appropriate.

**COUNT II - VIOLATION OF FLORIDA STATUTES**
**§§760, 509.092, and 413.08**

35. Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1 – 26 above.

36. Defendant AMU Corporation has violated Florida Statute §760, which provides all persons shall be entitled to the full and equal enjoyment of the goods,

services, facilities, privileges, and advantages in any of public accommodation, without discrimination or segregation on the grounds of handicap.

37. Defendant has violated Florida Statute §509.092, which states that a Public Lodging Establishment may not refuse accommodation or service to any person based upon physical disability.

38. Defendant has violated Florida Statute §413.08 and §760.02(11)(a), which states that an individual with a disability who utilizes a service animal is entitled to equal treatment in places of Public accommodation. The Plaintiff is an individual with a disability ("hard of hearing") as defined at F.S. §413.08(1)(b)(1). The Plaintiff's service animal, Snoopy, is a service animal as defined at F.S. §413.08(1)(d). The Defendant's Public Lodging Establishment is defined within F.S. §760.02(11)(a) and §413.08(2)(c) which states that any inn, hotel, motel or other establishment which provides lodging to transient guests is a place of public accommodation.

39. Thus, the Defendant's Budget Inn motel is a place of Public accommodation and is within the purview of F.S. §413.08, and the Plaintiff's rights are protected, as delineated within F.S. §413.08(2) (a) – (e) and F.S. §413.08(4).

40. The violations of Florida law were deliberate and knowing.

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against the Defendant AMU Corporation, including compensatory damages, damages for intangible injuries, punitive damages, costs including reasonable attorney's fees and interest and for the following injunctive relief and declaratory relief:

a) A declaration that the policies and procedures of the Defendant violated Florida Statues §§760.02(6), 413.08, and 509.092, in that the

Defendant failed to consider and accommodate the needs of disabled persons and their service animals to the full extent required by Florida law.

b) An Order mandating that the Defendant train its employees, including management staff, to comply with all appropriate laws;

c) An Order mandating that the Defendant revise its policies, practices, and procedures toward persons with disabilities and undertake and complete corrective measures to provide equal access to individuals with disabilities and their service animals within a reasonable time;

d) An Order mandating that the Defendant expeditiously make all reasonable and appropriate modifications in their policies, practices, and procedures toward persons with disabilities and their service animals, and take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

e) An Order that the Defendant install signage at the front door of the Defendant's Budget Inn motel and inside the motel stating that "SERVICE ANIMALS ARE WELCOME," in order to ensure compliance by the Defendant's representatives and to ensure that individuals who are disabled and who use service animals are well informed of the Defendant's motel's compliance with state laws;

f) Award compensatory damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

g) Award reasonable costs and attorneys fees; and

h) Award any and all other relief that may be necessary and appropriate.

Dated this 10th day of April 2017.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT LAUDERDALE DIVISION**

Civil Action Number:

ALEXANDER JOHNSON,

Plaintiff,

vs.

AMU CORPORATION
d/b/a Budget Inn North,

Defendant.

---

## VERIFICATION OF COMPLAINT

---

Plaintiff Alexander Johnson declares under penalty of perjury under the laws of the State of Florida that the allegations in the foregoing complaint are true and correct to the best of my belief, recollection and knowledge.

Date: 4-6-17

Alexander Johnson

**EXHIBIT "A"**